```
 1                    UNITED STATES DISTRICT COURT
                        DISTRICT OF MASSACHUSETTS
 2


 3      *  *  *  *  *  *  *  *  *  *  *  *  *  *
        *UNITED STATES OF AMERICA    *
 4                                   *   CRIMINAL ACTION
                    v.               *   No. 13-10242-RGS-2
 5      *                            *
        MARQUIS SIMMONS              *
 6                                   *
        *  *  *  *  *  *  *  *  *  *  *  *  *  *
 7


 8


 9              BEFORE THE HONORABLE RICHARD G. STEARNS
                     UNITED STATES DISTRICT JUDGE
10                            DISPOSITION
                          October 22, 2014
11


12      APPEARANCES:


13              UNITED STATES ATTORNEY'S OFFICE, (By AUSA Michael
        J. Crowley), 1 Courthouse Way, Suite 9200,  Boston,
14      Massachusetts   02210, on behalf of the United States of
        America
15


16


17              LAW OFFICES OF JOHN G. DARRELL, (By John G.
        Darrell, Esq.), 4 Pearl Street, Suite 5, Dedham,
18      Massachusetts   02026, on behalf of the Defendant


19


20
                                   Courtroom No. 21
21                                 1 Courthouse Way
                                   Boston, Massachusetts 02210
22


23                   James P. Gibbons, RPR, RMR
                        Official Court Reporter
24                  1 Courthouse Way, Suite 7205
                     Boston, Massachusetts  02210
25                      jmsgibbons@yahoo.com
```

```
 1                    P R O C E E D I N G S
 2           THE CLERK:  All rise.
 3       (Whereupon, the Court entered.)
 4           THE CLERK:  Court is open.  Please be seated.
 5       The case before this Court carries Case No. 13cr10242,
 6   United States of America versus Marquis Simmons.
 7       Counsel, please identify yourselves for the record.
 8           MR. CROWLEY:  Good afternoon, your Honor.  Michael
 9   Crowley on behalf of the United States.
10           MR. DARRELL:  Good afternoon, your Honor.  John
11   Darrell on behalf of Marquis Simmons.
12           THE COURT:  All right.
13       We've all reviewed the presentence report, and I don't
14   think there is any significant quarrel with the probation
15   officers's calculation of the offense level at 21 and the
16   Criminal History Category at III.
17       The advisory guideline range, consequently, would be
18   106 to roughly 113 or 114 months.  I know that the
19   government proposes something different, and I know that the
20   defendant proposes something slightly different than the
21   government's recommendation.
22       So, Mr. Crowley, why don't I hear from you.
23           MR. CROWLEY:  Your Honor, in light of the sentence
24   provided yesterday, we don't view there to be a substantial
25   difference between the two defendants in this case.  There
```

1    is somewhat of a difference in the criminal histories, but

2    by their actions in this case, they are basically the same,

3    Mr. Simmons and Mr. Rodriguez.  They were both involved in

4    the vehicle with firearms going to commit the robbery.

5        The Court imposed a sentence yesterday on Mr. Rodriguez

6    of 69 months.  We would recommend the same sentence for

7    Mr. Simmons, even though it was substantially below, but we

8    don't see there to be a significant difference in the

9    criminal histories.

10        We originally in the plea agreements had them at the

11    same level, and based upon those actions, we don't believe

12    it would appropriate to deviate from what we offered the two

13    defendants.  So we would recommend a sentence of 69 months,

14    which is the exact sentence that the codefendant that was

15    sitting actually next to Mr. Simmons yesterday received from

16    the Court, a $200 special assessment, and we would recommend

17    the same 60 months to run -- three years of supervised

18    release for Count One and five years for Count Two.

19        THE COURT:  I think that's very fair on the

20    government's part.

21        I gather you concur, given --

22        MR. DARRELL:  Judge, I, of course, have spoken to

23    Mr. Simmons.  Unfortunately -- well, matters always happen

24    to slow things down.  I only had a brief time.  My

25    suggestion here, my request to the Court -- I don't want to

1    mess things up, what I consider a fair recommendation and,

2    again, consistent with somebody literally sitting in the

3    backseat with him and comparable backgrounds.

4         THE COURT:  I think trying to achieve some

5    proportionality in sentencing, I think, is the appropriate

6    principle, as Mr. Crowley has indicated, and I think it

7    appears certainly to me as a judge.

8       Mr. Simmons, do you wish to address the Court?  You may

9    if you choose.  You're not required to, but if you would

10   like to say something, you're welcome to.

11        THE DEFENDANT:  I want to apologize for wasting the

12   Court's time and all that.

13      Sixty-nine months, that's quite a long time, you know.

14        THE COURT:  It's a long time, but the Congress has

15   made 60 months mandatory, and then, of course, there's

16   another conviction over and above that.  But I would not

17   like to see you a get a longer sentence than the codefendant

18   who is in the same situation, but I understand it's a long

19   time from any point of view.

20        THE DEFENDANT:  Yeah.

21      Well, I just wanted to apologize for wasting the

22   Court's time.

23        THE COURT:  You're not wasting time.  This is what,

24   on good and bad days, what courts do.

25        THE DEFENDANT:  I don't really know what to say,

1    man.

2         THE COURT:   As I say, you're not required to say

3    anymore than you have.

4         Mr. Simmons, if you wouldn't mind standing again.

5         Mr. Simmons, pursuant to the Sentencing Reform Act of

6    1984, and having considered the sentencing factors

7    enumerated at 18, United States Code, Section 3553(a), as

8    well as the dispositions in the cases of your codefendants

9    in this matter, it is the judgment of the Court that you be

10   committed to the custody of the Bureau of Prisons for a term

11   of 69 months.

12        This term will consist of nine months on Count One and

13   a term of 60 months on Count Two, which by law must be

14   served consecutively to the term imposed on Count One.

15        The Court will make a judicial recommendation that you

16   participate in substance abuse treatment while in the

17   custody of the Bureau of Prisons.

18        Also, I will make a judicial recommendation that you

19   participate in vocational training to prepare you to enter

20   the workforce upon release from custody.

21        Upon release from custody you will be placed on

22   supervised release for a term of three years.   This term

23   will be served concurrently on Counts One and Two.

24        Within 72 hours of release from custody of the Bureau

25   of Prisons you must report in person to the Probation Office

1   in the district to which you are released.

2       The Court will not impose a fine, as you do not have

3   the financial ability to pay a fine.

4       While on supervised release, you must comply with the

5   following terms and conditions:

6       You will not commit any federal, state, or local crime,

7   nor will you illegally possess a controlled substance.

8       You will refrain from any unlawful use of a controlled

9   substance.  You will submit to one drug test within 15 days

10   of release from custody and at least two periodic drug tests

11   thereafter, not to he exceed 104 tests per year, as directed

12   by the Probation Services.

13       You must submit to the collection of a DNA sample as

14   direct the by the Probation Office, and you must comply with

15   the standard conditions described at United States

16   Sentencing Guidelines Section 5D1.1(3)(c).  These will be

17   set forth in the Judgment.

18       You are prohibited from possessing a firearm,

19   destructive device or other dangerous weapon.

20       You will participate in a program for substance abuse

21   counseling as directed by Probation Office, subject to the

22   same testing conditions I previously indicated.  You may be

23   required to contribute to the cost of such services based on

24   your ability to pay or the availability of a third-party

25   payor.

1      You also are to participate in an educational services

2    programs and a vocational services programs that the

3    Probation Office deems would be for your benefit, again with

4    the requirement that you may have to contribute to the cost

5    of such services.

6      Finally, by operation of law, you are required to pay

7    to the United States a special assessment of $200, which is

8    due immediately.

9      MR. CROWLEY:  Your Honor, could I ask for

10    clarification on the supervised release.

11      I believe it's five years for Count Two.

12      THE COURT:  I'm sorry.  You're right.  I misspoke.

13    I'm sorry.  It's three years as to Count One; five years

14    supervised release as to Count Two.

15      MR. CROWLEY:  Thank you, your Honor.

16      THE COURT:  Okay.  With that correction, I believe

17    that Mr. Simmons is entitled -- no, actually, I think the

18    waiver of appeal actually takes effect because this is a

19    lower sentence than contemplated.

20      MR. CROWLEY:  That's correct.

21      THE COURT:  So there is then no reason for a notice

22    of appeal .

23      Good luck, Mr. Simmons.  I know it's a long time, but

24    you've got to make the best of it.

25      I am going to make a recommendation on the Judgment

1    that you be placed in a facility as close to New Jersey and

2    your family as the Bureau of Prisons deems appropriate in

3    the circumstances of the case.

4         But there will be some opportunities.  Try to take

5    advantage of them so that this just doesn't repeat itself

6    again.  So good luck to you.

7         Okay.  We will be adjourned.

8              THE CLERK:  All rise.

9         (Proceedings adjourned.)

# **C E R T I F I C A T E**

    I, James P. Gibbons, Official Court Reporter for the United States District Court for the District of Massachusetts, do hereby certify that the foregoing pages are a true and accurate transcription of my shorthand notes taken in the aforementioned matter to the best of my skill and ability.

<u>/s/James P. Gibbons</u>         September 28, 2016
    James P. Gibbons

JAMES P. GIBBONS, CSR, RPR, RMR
Official Court Reporter
1 Courthouse Way, Suite 7205
Boston, Massachusetts 02210
jmsgibbons@yahoo.com